WILLIAM BRONG v. JAMES H. BROWN.

*Conversion by mortgagee—Error not to be presumed.*

It is a conversion for a mortgagee of chattels, after taking possession of a portion of the mortgaged property on breach of condition, to retain possession of it and assign the mortgage to a third person; if he so converts the property, its value may be applied on the debt.

Facts cannot be presumed in order to find error.

Case made from Kent.    Submitted October 24.    Decided October 30.

TROVER.    Plaintiff had judgment below.

*D. E. Corbitt* for plaintiff.

*J. W. & O. C. Ransom* for defendant.

MARSTON, J.    James Farley, to secure the payment of four hundred dollars to William Brong, gave him a chattel mortgage upon a span of horses, a wagon, a set of harness and certain furniture.    This mortgage was dated November 9, 1877, and was made payable nine months from the date thereof.    On the 19th of the same month defendant Brown, with full knowledge of this mortgage purchased the horses, wagon and harness from Farley, the mortgagor.    Afterwards, but at what particular time does not appear, Brown, the mortgagee, assigned the mortgage to A. A. Lord, and while Lord was the owner thereof he took possession of the horses mentioned therein, and afterwards reassigned the mortgage to the plaintiff.    The plaintiff demanded possession of the wagon and harness, which was refused, when this action of trover was brought to recover the value thereof.

The court charged the jury that in case they found the horses had been taken by Lord while he owned the mortgage, the value thereof ought to be applied as pay-

ment on the mortgage as of the date when they were actually received by him. This was excepted to, and is the only question raised in the case.

In *Davis v. Rider*, 5 Mich., 423, it was held that where one holding property in mortgage converts it to his own use, the mortgage debt is thereby satisfied to the extent of the value of the property taken. In this case the assignee of the mortgage took the property, and afterwards re-assigned the mortgage to the mortgagee, but he retained possession of the horses. By virtue of what right or authority he retained the horses after re-assigning the mortgage, does not appear. Where a mortgagee of chattels after condition broken takes possession of a part of the mortgaged property, and retaining the same assigns the mortgage to a third party, we think he may well be held to have converted the same to his own use, and that the value thereof should be applied in payment on the mortgage. A mere taking possession of the property alone would not have this effect, as he would have a right to take and retain possession for the purpose of making sale thereof in accordance with the terms of the mortgage. In this case Lord went farther. After taking possession he disposed of all farther interest in the mortgage. It does not appear that he either intended to or in terms gave his assignee any right to take or claim these horses, or that his assignee had a right to collect the entire mortgage indebtedness, even if under the circumstances this latter right could have been given him. Nor does it appear that Lord at any time took any steps looking to a sale of these horses under the power contained in the mortgage, even if he could have sold after making the assignment. Counsel in their argument and brief say that Lord had the right to take possession before default, and retain it until the indebtedness should become due, and that in this case over eight months elapsed between the taking of the horses and the time when the mortgage became due so that Lord could sell them, and that considerable

expense would be incurred for keeping the horses during this time, which should be deducted.

Whether such expense could be deducted or not we need not determine, as the record shows no such state of facts as counsel assumes. At what time Lord took possession does not appear, nor the length of time he retained possession, nor when he re-assigned. We cannot· presume facts for the purpose of finding error. On the contrary, we must assume that the evidence fully warranted the charge of the court and verdict of the jury. If not, the party complaining should have shown clearly wherein it failed.

The judgment must be affirmed with costs.

The other Justices concurred.